# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

_____
                                          )
**ROLAND GARRETT,**                       )
                                          )
       **Plaintiff,**          )
                                          )    **Civil Action No.**
    **v.**                          )    **24-12223-FDS**
                                          )
**ESPN, INC. and ROBERT KRAFT,**          )
                                          )
       **Defendants.**         )
_____)

## MEMORANDUM AND ORDER ON DEFENDANTS' MOTIONS TO DISMISS, FOR JUDGMENT ON THE PLEADINGS, AND FOR SUMMARY JUDGMENT

**SAYLOR, C.J.**

Plaintiff Roland Garrett brought this civil action seeking monetary relief against defendants ESPN, Inc. and Robert Kraft. In substance, the complaint alleges that defendants engaged in copyright infringement by using and selling a photograph he created without notice or compensation, in violation of the Copyright Act, 17 U.S.C. § 106.[1] Plaintiff is proceeding *pro se*.

Defendants filed two separate motions. Defendant Kraft has moved to dismiss the complaint under Fed. R. Civ. P. 12(b)(5) for insufficient service of process and 12(b)(6) for failure to state a claim upon which relief can be granted. Defendant ESPN has moved for judgment on the pleadings under Fed. R. Civ. P. 12(c), or in the alternative, for summary judgment under Fed. R. Civ. P. 56. For the following reasons, the motion to dismiss will be

---

[1] The complaint is ambiguous as to whether additional claims beyond the copyright-infringement claim are being asserted. The Court is interpreting the complaint as indicated.

granted; the motion for judgment on the pleadings will be denied; and the motion for summary
judgment will be granted.

I.    **Background**

Unless otherwise noted, the following facts are set forth as alleged in the complaint.[2]

A.    **Parties**

Roland Garrett is an individual who resides in Massachusetts.  (Compl. at 1).

Robert Kraft is an individual who resides in Massachusetts.  He is the majority owner of
the New England Patriots professional football team.  (*Id.*; Kraft Mot. to Dismiss at 4).

ESPN, Inc. is a sports media company with a principal place of business in Bristol,
Connecticut.  (Compl. at 2).

B.    **Factual Background**

1.    **Alleged Copyright Infringement**

According to the complaint, in 2011 Garrett e-mailed a photograph—the complaint refers
to it as an "unregistered watermark Boston Championship Rings Cover"—to "different sports
publications."  (Compl. ¶ 1).  The photograph allegedly depicted Garrett's hand wearing replicas
of championship rings affiliated with the four major Boston professional sports franchises.  (*Id.* ¶
1; Compl. Ex. A).  He allegedly sent the photograph to defendants as a "[f]an."  (Compl. ¶ 8).

According to the complaint, both defendants "got a hold of" the photograph.  (Compl. ¶¶
4, 5).  ESPN allegedly used the photograph for commercial purposes by placing it on the front
cover of a sports magazine.  Specifically, the photograph was allegedly displayed on the cover of
the October 3, 2011 edition of ESPN magazine, accompanied by the headline, "Welcome to

---

[2] On a motion to dismiss, the court may properly consider four types of documents outside the complaint
without converting the motion into one for summary judgment:  (1) documents of undisputed authenticity; (2)
documents that are official public records; (3) documents that are central to plaintiff's claim; and (4) documents that
are sufficiently referred to in the complaint.  *Watterson v. Page*, 987 F.2d 1, 3 (1st Cir. 1993).

Boston, Loozah! – Four Teams.  Seven Titles. Ten Years.  Do the Math."   (Compl. ¶ 4, Ex. A).

Kraft allegedly turned the photograph into a "Collectable."  (Compl. ¶ 5).  The complaint alleges

that the photograph was used without Garrett's consent and without compensating him.  (Compl.

¶¶ 8-9).

Garrett allegedly copyrighted the photograph on January 25, 2024.  (Compl. ¶ 10).

### 2. ESPN's Response

ESPN contests the factual allegations set forth in the complaint.  According to ESPN, the

photograph was taken by a professional photographer named Hans Gissinger on September 12,

2011, in New York pursuant to a contract between him and ESPN.  (ESPN Ans. at 3).  The

photograph was not of plaintiff's hand, but rather that of JC Valente, a professional model.  (*Id.*).

The replica championship rings displayed in the photograph were created at the request of ESPN

photo editor Jim Surber, who retains possession of them.  (ESPN Ans. Ex. D).

### C. Procedural Background

Garrett filed the complaint on August 27, 2024, after a previous action that he filed in

Suffolk Superior Court involving the same matter was dismissed.  (Compl. ¶ 2).  On October 10

and October 15, 2024, he filed two affidavits in support of his claim and amended the amount of

monetary relief sought from $150,000 to $105,000,000.  (Pl. Aff. Mon. Dam. ¶ 9).

On November 5, 2024, defendant Kraft moved to dismiss the complaint for insufficient

service of process under Rule 12(b)(5) and for failure to state a claim under Rule 12(b)(6).  On

November 15, 2024, defendant ESPN answered the complaint and moved for judgment on the

pleadings under Rule 12(c), or in the alternative, for summary judgment under Rule 56.  Plaintiff

filed an untimely opposition to the motions on January 6, 2025, and ESPN filed a reply on

January 10, 2025.

For the following reasons, the motion of defendant Kraft to dismiss will be granted; the motion of defendant ESPN for judgment on the pleadings will be denied; and the motion of defendant ESPN for summary judgment will be granted.

## II.    Standard of Review

### A.    *Pro Se* Pleadings

Any document filed by a *pro se* party is "to be liberally construed," and "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *see also* Fed. R. Civ. P. 8(e) ("Pleadings must be construed so as to do justice."); *see also Instituto De Educacion Universal Corp. v. United States Dep't of Educ.*, 209 F.3d 18, 23 (1st Cir. 2000).  However, while *pro se* complaints "are accorded 'an extra degree of solicitude' . . . even a *pro se* plaintiff is required 'to set forth factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory.'" *Wright v. Town of Southbridge*, 2009 WL 415506, at *2 (D. Mass. Jan. 15, 2009) (quoting *Adams v. Stephenson*, 1997 WL 351633, at *1 (1st Cir. 1997) (per curiam)).  Where the court cannot ascertain the nature and basis of any legitimate claims, it is under no obligation to rewrite the pleadings on the plaintiff's behalf.  *D.S. v. Kijakazi*, 2024 WL 22858, at *1 (D. Mass. Jan. 2, 2024) (citing *Lampkin-Asam v. Volusia Cnty. Sch. Bd.*, 261 F. App'x 274, 276-77 (11th Cir. 2008)).

### B.    Rule 12(b)(5)

Before a federal court may exercise personal jurisdiction over a defendant, proper service of process must be effected.  *Omni Capital Int'l Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987).  When the sufficiency of process is challenged under Rule 12(b)(5), the plaintiff bears "the burden of proving proper service." *Rivera-Lopez v. Municipality of Dorado*, 979 F.2d 885,

887 (1st Cir. 1992). A return of service "generally serves as *prima facie* evidence that service was validly performed," but a defendant may adduce "rebuttal evidence to refute any presumption of valid service." *Blair v. City of Worcester*, 522 F.3d 105, 111-12 (1st Cir. 2008). A court "may consider [relevant] matters outside of the pleadings when deciding a motion to dismiss based upon lack of service of process under Rule 12(b)(5)." *Awadh v. Tourneau, Inc.*, 2017 WL 1246326, at *1 n.2 (D. Mass. Feb. 17, 2017).

### C.    Rule 12(b)(6)

On a motion to dismiss made pursuant to Rule 12(b)(6), the court "must assume the truth of all well-plead[ed] facts and give the plaintiff the benefit of all reasonable inferences therefrom." *Ruiz v. Bally Total Fitness Holding Corp.*, 496 F.3d 1, 5 (1st Cir. 2007) (citing *Rogan v. Menino*, 175 F.3d 75, 77 (1st Cir. 1999)). To survive a motion to dismiss, the complaint must state a claim that is plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In other words, the "[f]actual allegations must be enough to raise a right to relief above the speculative level, . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* at 555 (citations omitted). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 556). Dismissal is appropriate if the complaint fails to set forth "factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory." *Gagliardi v. Sullivan*, 513 F.3d 301, 305 (1st Cir. 2008) (quoting *Centro Medico del Turabo Inc. v. Feliciano de Melecio*, 406 F.3d 1, 6 (1st Cir. 2005)).

### D.    Rule 12(c)

A Rule 12(c) motion for judgment on the pleadings "is treated much like a Rule 12(b)(6) motion to dismiss." *Perez-Acevedo v. Rivero-Cubano*, 520 F.3d 26, 29 (1st Cir. 2008). It differs

from a Rule 12(b)(6) motion primarily because it is filed after the close of pleadings and "implicates the pleadings as a whole," including any answer filed by a defendant. *Aponte-Torres v. University of P.R.*, 445 F.3d 50, 54-55 (1st Cir. 2006). A court may enter a judgment on the pleadings "only if the uncontested and properly considered facts conclusively establish the movant's entitlement to a favorable judgment." *Id.* at 54.

### E.    Rule 56

Summary judgment is appropriate when the pleadings, the discovery and disclosure materials on file, and any affidavits show that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The Court must view "the record in the light most favorable to the nonmovant, drawing reasonable inferences in his favor." *Noonan v. Staples, Inc.*, 556 F.3d 20, 25 (1st Cir. 2009). When "a properly supported motion for summary judgment is made, the adverse party 'must set forth specific facts showing that there is a genuine issue for trial.'" *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 (1986) (quoting Fed. R. Civ. P. 56(e)). The non-moving party may not simply "rest upon mere allegation or denials of his pleading," but instead must "present affirmative evidence." *Id.* at 256-57.

### III.    Analysis

#### A.    Motion to Dismiss

##### 1.    Rule 12(b)(5)

Defendant Kraft has moved to dismiss the complaint on the ground of insufficient service of process under Rule 12(b)(5). Specifically, he asserts that as of the filing of his motion to dismiss, he had not received a copy of the summons or the complaint in this action, and instead only received plaintiff's affidavit in support of monetary damages, which was served on October 22, 2024.

6

The requirements of service of process are set forth in Fed. R. Civ. P. 4, which states that a plaintiff must serve the summons and a copy of the complaint upon the named defendants. Fed. R. Civ. P. 4(c)(1). Copies of those documents must be served in compliance with the procedures provided for in Rule 4(e).[3] Moreover, the court "must" dismiss the action without prejudice if service of process is not made within 90 days after the complaint is filed, unless the plaintiff shows good cause or the court otherwise finds that a deadline extension is warranted. *See* Fed. R. Civ. P. 4(m).

Here, the complaint was filed on August 27, 2024. The Court issued an order on September 4, 2024, granting plaintiff 90 days from that date—that is, until December 3, 2024— to serve defendants in accordance with Rule 4. (ECF No. 5). In light of plaintiff's *pro se* status, the Court also ordered that he could elect to have service made by the U.S. Marshals Service. (*Id.*).

Defendant Kraft asserts that as of the filing of his motion to dismiss on November 5, 2024, he had not received a copy of the summons or the complaint from plaintiff or from the U.S. Marshals Service. However, the motion to dismiss was filed nearly one month before the court-ordered deadline for plaintiff to effect service on defendants, and therefore it was filed prematurely. *See Laltitude, LLC v. Freshetech, LLC*, 2022 WL 14636889, at *3 (M.D. Fla. Oct. 24, 2022) (denying a Rule 12(b)(5) motion filed before the service deadline because it was "at the very least, premature"); *see also Johnson v. Wells Fargo & Co.,* 2020 WL 10054620, at *4

---

[3] Rule 4(e) permits service to be effectuated in one of four ways: (1) by following the state-law service requirements for the state in which the federal court is located (here, that is Massachusetts); (2) by delivering a copy of the summons and the complaint to the individual personally; (3) by leaving copies of those items at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or (4) by delivering copies to an agent authorized by appointment or by law to receive service of process. Fed. R. Civ. P. 4(e). The Massachusetts rules for service are substantially similar to the federal rules. *See* Mass. R. Civ. P. 4(d)(1).

(N.D. Ga. July 31, 2020) (holding that a Rule 12(b)(5) motion is premature if filed before the expiration of the time at which the plaintiff must serve the defendants).

In any event, on April 3, 2025, the U.S. Marshals Service filed a receipt confirming that process was personally served on an agent of Kraft at 9:00 a.m. on February 4, 2025. (ECF No. 24). A plaintiff permitted to "rely upon service by the U.S. Marshals . . . should not be penalized for failure of the Marshal's Service to properly effect service of process, where such failure is through no fault of the litigant." *Rochon v. Dawson*, 828 F.2d 1107, 1110 (5th Cir. 1987). However, service is deemed completed only "when a defendant receives the summons and complaint in accordance with Fed. R. Civ. P. 4, not when the Marshals Service receives the papers to be served on a defendant." *Yarde v. Keeler*, 2024 WL 343503, at *3 (D. Mass. Jan. 30, 2024). Thus, a "plaintiff must provide papers for service to the Marshals Service well before the 90-day service deadline to ensure that service will be completed in a timely matter." *Id.*

Here, the receipt appears to indicate that process was requested by plaintiff on September 16, 2024, within the 90-day court-ordered deadline. (ECF No. 24). The Court cannot ascertain from the record the cause of the apparent delay in service; however, under the circumstances, the Court finds that good cause exists to permit the process effectuated by the U.S. Marshals on February 4, 2025, to satisfy plaintiff's obligations under Rule 4. Accordingly, the Court will deny the motion to dismiss for insufficient service of process.

### 2.    Rule 12(b)(6)

#### a.    Claim Preclusion

Defendant Kraft next contends that plaintiff's claim is precluded by the prior state-court action under the principle of claim preclusion, also known as res judicata. (Kraft Mot. to Dismiss at 1). The Full Faith and Credit statute requires that "judicial proceedings of any court . . . shall have the same full faith and credit in every court within the United States and its

Territories and Possessions as they have by law or usage in the courts of such State, Territory, or Possession from which they are taken." 28 U.S.C § 1738. Federal courts therefore must "treat a state[-]court judgment with the same respect that it would receive in the courts of the rendering state." *Matsushita Elec. Indus. Co. v. Epstein*, 516 U.S. 367, 372 (1996); *see also Migra v. Warren City Sch. Dist. Bd. of Educ.,* 465 U.S. 75, 81 (1984); *Keystone Shipping Co. v. New England Power Co.,* 109 F.3d 46, 50-51 (1st Cir. 1997). "Even if a suit 'raises a federal question or seeks to vindicate federal constitutional rights,' the federal court must apply the claim[-] preclusion principles of the state that rendered judgment." *Lynch v. Bd. of State Examiners of Electricians*, 218 F. Supp. 2d 3 (D. Mass. 2002) (quoting *Cruz v. Melecio*, 204 F.3d 14, 18 (1st Cir. 2000)). Under Massachusetts law, "claim preclusion makes a valid, final judgment conclusive on the parties and their privies, and prevents relitigation of all matters that were or could have been adjudicated in the first action." *O'Neill v. City Manager of Cambridge,* 428 Mass. 257, 259 (1998). A claim is precluded if three elements are present: "(1) the identity or privity of the parties to the present and prior actions, (2) identity of the cause of action, and (3) prior final judgment on the merits." *Daluz v. Dep't of Corr.,* 434 Mass. 40, 45 (2001).

Here, the complaint sets out only minimal factual pleadings as to the claims dismissed in the state-court action. Nevertheless, it appears that the first two elements of claim preclusion are satisfied—that is, the parties are the same and the claims relate to the same set of allegations. However, as to the third element, in his motion to dismiss, Kraft acknowledges that "a claim for copyright infringement in the state[-]court action . . . was not resolved on the merits." (Kraft Mot. to Dismiss at 6).[4] Because plaintiff has asserted a claim of copyright infringement, which

---

[4] Defendant Kraft submitted a copy of the state-court memorandum and order, which dismissed plaintiff's Copyright Act claim for lack of subject-matter jurisdiction. (Johns Dec. Ex. A).

was concededly not decided on the merits in the state-court action, that claim is not precluded and defendant Kraft's motion to dismiss will not be granted on the ground of claim preclusion.

### b.  <u>Failure to State a Claim</u>

Finally, defendant Kraft contends that the complaint "states no plausible claim against [him]."  (Kraft Mot. to Dismiss at 7).  "To establish copyright infringement under the Copyright Act, 'two elements must be [proved]:  (1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original.'"  *Johnson v. Gordon*, 409 F.3d 12, 17 (1st Cir. 2005) (quoting *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991)).  "The plaintiff bears the burden of proof as to both elements."  *Id.* (citing *Grubb v. KMS Patriots, L.P.*, 88 F.3d 1, 3, 5 (1st Cir. 1996)); *see also T-Peg, Inc. v. Vt. Timber Works, Inc.*, 459 F.3d 97, 108 (1st Cir. 2006) (stating that the claimant bears the burden of proving a valid copyright and its infringement).

As to the first prong, "[t]o show ownership of a true copyright, 'a plaintiff must prove that the work as a whole is original and that the plaintiff complied with applicable statutory formalities.'"  *Soc'y of Holy Transfiguration Monastery, Inc. v. Gregory*, 689 F.3d 29, 40 (1st Cir. 2012) (quoting *Lotus Dev. Corp. v. Borland Int'l, Inc.*, 49 F.3d 807, 813 (1st Cir. 1995)).  A "certificate of copyright registration constitutes *prima facie* evidence of copyrightability and shifts the burden to the defendant to demonstrate why the copyright is not valid."  *Lotus*, 49 F.3d at 813.  Here, the complaint alleges that plaintiff was issued a copyright registration for the photograph on January 25, 2024.[5]  (Compl. ¶ 10).  Although plaintiff has not provided a

---

[5] The U.S. Copyright Office's official public copyright catalog lists plaintiff's registered copyright of a visual artwork titled "Boston Championship Rings."  *See* Public Catalog, *Boston Championship Rings.*, U.S. COPYRIGHT OFFICE (Jan. 25, 2024), https://cocatalog.loc.gov/cgi-bin/Pwebrecon.cgi?DB=local&PAGE=First (search by title for "Boston Championship Rings.").  The database entry states that the copyright was registered on January 25, 2024, and was created in 2011.  However, it does not display the copyrighted material, nor does it provide a description of its contents.

certificate of copyright registration, the Court must "assum[e] that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555. Thus, at this stage, plaintiff has met his burden as to the first prong.[6]

However, the complaint fails to satisfy the second prong. To prove that a defendant infringed on a copyrighted work, plaintiff must "factually establish . . . that the alleged infringer copied the protected work" and that "the copying was so flagrantly extreme that the allegedly infringing and copyrighted works were, for all intents and purposes, substantially similar." *Gregory*, 689 F.3d at 48 (internal quotations omitted).

Here, the complaint fails to plead sufficiently plausible facts concerning the actual copying of plaintiff's work, much less "flagrantly extreme" copying. It sets forth only the bare allegation that Kraft "got a hold of ESPN Boston Championship Rings Cover pic, and made it a Collectable . . . [w]hich is also entitled to protection." (Compl. ¶ 5). There are no allegations as to how Kraft turned the photograph into a collectible, the substance or contents of the alleged collectible, or whether the alleged collectible was substantially similar to the photograph. Moreover, the complaint alleges that plaintiff e-mailed the photograph to "sports publications"— but Kraft is a private individual, not a sports publication, and there are no other allegations explaining how Kraft himself "got a hold of" the photograph, much less how he commercialized it. (*Id.* ¶ 1). Finally, the allegation that the image was used "in trade and sale in the

---

[6] Under 17 U.S.C. § 411(a), "registration is a prerequisite to enforcement of copyrights." *Cortes-Ramos v. Martin-Morales*, 956 F.3d 36, 43 (1st Cir. 2020) (discussing the 1976 amendments to the Copyright Act). In addition, under § 412, "a plaintiff in an infringement action normally cannot obtain an award of statutory damages or attorney's fees for infringement that occurred *prior to* registration." *Unicolors, Inc. v. H&M Hennes & Mauritz, L. P.*, 595 U.S. 178, 181 (2022) (emphasis added). However, § 412 excepts from the pre-registration requirement actions brought for the violation of the rights of authors of visual artworks. *See* 17 U.S.C. § 412. Thus, plaintiff's alleged registration of the photograph in January 2024 satisfies the statutory prerequisites to bring a copyright-infringement suit despite the alleged infringement occurring in 2011.

Commonwealth of Massachusetts" is conclusory and does not establish that Kraft personally engaged in any trade or sale activities involving the photograph.

The complaint therefore fails to make plausible allegations that Kraft personally copied the photograph in a manner that would constitute a violation of the Copyright Act. Accordingly, the Court will grant the motion to dismiss the complaint under Rule 12(b)(6) as to defendant Kraft.[7]

### B.    Motion for Judgment on the Pleadings or Summary Judgment

Defendant ESPN contends that as a matter of law it is entitled to judgment in its favor because plaintiff has failed to establish that he has ownership of, or any rights related to, the photograph at issue. (ESPN Ans. at 2). Specifically, it "denies that [p]laintiff owns a valid copyright or has standing to bring a claim pursuant to 17 U.S.C. § 106(a)(1)." (*Id*.). Again, to prove copyright infringement, a plaintiff must demonstrate that (1) he owns a valid copyright, and (2) the defendant copied constituent elements of the work that are original. *See Gordon*, 409 F.3d at 17.

ESPN has submitted evidence that the hand in the photograph belongs to JC Valente, a professional model, not to plaintiff. (ESPN Ans. at 3, Ex. A). It further submits that Valente's hand was photographed by a professional photographer named Hans Gissinger, and that the photograph was taken on September 12, 2011, in New York pursuant to a contract signed between ESPN and Gissinger. (*Id.*, Ex. B). It has also filed a screenshot of the original photograph along with metadata confirming the date and time—that is, 2:54 p.m. on September

---

[7] In his opposition to Kraft's motion to dismiss, plaintiff repeats the allegation that his hand is the subject of the photograph and requests "pursuant to Rule 702, that this court hire an expert witness to determine who is on the cover" of the magazine. (Pl. Opp. Mot. to Dismiss at 1). It is not the role of the Court to prove plaintiff's case, and in any event expert testimony pursuant to Fed. R. Evid. 702 is not proper at this stage of the proceeding. *See Gebhardt v. ConAgra Foods, Inc.*, 335 F.3d 824, 831-32 (8th Cir. 2003) (stating that "expert testimony . . . cannot be considered at this [12(b)(6)] procedural juncture").

12, 2011—that it was taken. (*Id.*, Ex. C). Finally, ESPN asserts that the championship rings in the photograph were created at the request of ESPN photo editor Jim Surber, who continues to retain possession of them. (*Id.*, Ex. D).

Plaintiff has failed to respond to or rebut any of ESPN's specific evidentiary submissions. Nonetheless, the allegations in the complaint do contradict ESPN's contentions. Because judgment on the pleadings is only appropriate when "the *uncontested* and properly considered facts conclusively establish the movant's entitlement to a favorable judgment," ESPN is not entitled to dismissal under Rule 12(c). *See Aponte-Torres*, 445 F.3d at 54-55 (emphasis added).

However, summary judgment in ESPN's favor is warranted based on the uncontroverted evidence that it has submitted demonstrating that the photograph neither belongs to plaintiff nor displays his hand. *See Scott v. Harris*, 550 U.S. 372, 380 (2007) (stating that "[w]hen opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment"). At the summary-judgment stage, the facts must be viewed in the light most favorable to the non-moving party "only if there is a 'genuine' dispute as to those facts." *Id.* (quoting Fed. R. Civ. P. 56(c)). "When the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts. . . . Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" *Matsushita*, 475 U.S. at 586-87.

Here, plaintiff has failed to establish any genuine dispute as to whether the photograph depicts his own hand. Among other things, he does not contest the veracity of the metadata provided by ESPN, nor has he provided any reasonable basis to believe that he possessed the

replica rings depicted in the photograph.  Indeed, he has not provided any "affirmative evidence" of any kind to rebut ESPN's evidentiary submissions.  *See Liberty Lobby*¸ 477 U.S. at 256-57. No rational trier of fact reviewing the record could find for plaintiff based on the record evidence.  Thus, there is no genuine issue for trial, and the Court will grant summary judgment in defendant ESPN's favor.

## IV.    Conclusion

For the foregoing reasons, the motion of defendant Robert Kraft to dismiss is GRANTED; the motion for judgment on the pleadings of defendant ESPN, Inc. is DENIED; and the motion for summary judgment of defendant ESPN, Inc. is GRANTED.

**So Ordered.**

/s/ F. Dennis Saylor IV
F. Dennis Saylor IV
Chief Judge, United States District Court

Dated:  May 7, 2025

14